IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00663-GCM
(3:04-cr-00161-GCM)

| | |
|---|---|
| MARIO ALBERTO REYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on a review Petitioner's Motion to Vacate, Set Aside or Correct Sentence. (Doc. No. 1).

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must examine the Section 2255 motion, any attached exhibits, and the record of the prior proceedings and determine whether Petitioner may be entitled to any relief. On September 13, 2016, the Court converted Petitioner's Motion for Relief from Sentence that he filed in his criminal case in January into a § 2255 Motion to Vacate because he was seeking collateral relief from his sentence.

In accordance with Castro v. United States, 540 U.S. 375 (2003), the Court will provide Petitioner with an opportunity to contest this recharacterization. In the event he so chooses, the motion will be dismissed without prejudice and this civil action closed. However, if Petitioner agrees that his motion for relief from his sentence is properly characterized as a motion pursuant to § 2255, then the Court will proceed to rule on the merits of the motion. Petitioner is warned, however, that a one-year limitation applies to the filing of a motion to vacate. The Antiterrorism

1

and Effective Death Penalty Act provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner contends that he is entitled to sentencing relief based on the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). Because Petitioner has not previously filed a motion to vacate, the Court will provide him with 21 days from entry of this Order to include any additional claims for relief and an opportunity to explain why any new claims are timely under any of the provisions of Section 2255(f) or why he should be entitled to equitable tolling of the one-year limitation period.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall file notice within 21 days from entry of this Order explaining whether he agrees to have his motion for relief from sentence considered on the merits under 28 U.S.C. § 2255. If Petitioner does not agree then this civil action will be closed and the § 2255 motion to vacate dismissed without prejudice.

2. If Petitioner agrees to have his claim considered on the merits in a § 2255 motion to vacate then he may present any additional challenges to his criminal judgment within 21 days from entry of this Order, and explain why the claims should be considered timely under Section 2255(f); or why he should be entitled to equitable tolling of the one-year limitation period.

   **SO ORDERED**.

Signed: September 14, 2016

Graham C. Mullen
United States District Judge