IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00663-GCM
(3:04-cr-00161-GCM-DCK-1)

| | |
|---|---|
| MARIO ALBERTO REYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On April 28, 2005, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841 (Count One); and one count of possession of a firearm during and in relation to the drug trafficking conspiracy charged in Count One, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Four). (3:04-cr-00161, Doc. No. 1: Bill of Indictment; Doc. No. 42: Plea Agreement).

In Petitioner's presentence investigation report (PSR), the probation officer concluded that Petitioner qualified as career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2004), based on convictions for arson, burglary of a habitation, and delivery of a controlled substance (cocaine). On November 29, 2005, Petitioner was sentenced as a career

1

offender to a term of 200-months' imprisonment on Count One and a mandatory, consecutive term of 60-months on Count Four, and his judgment was affirmed on appeal. See United States v. Reyes, 207 F. App'x 327 (4th Cir. 2006).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was void for vagueness and therefore unconstitutional.[1] (3:16-cv-00663, Doc. No. 1: Motion to Vacate at 1).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense" or both, that are "committed on occasions different from one another . . ." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

---

[1] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii).

Petitioner contends that he no longer qualifies as a career offender and that his conviction for carrying a firearm under 18 U.S.C. § 924(c) no longer qualifies as a "crime of violence" following Johnson. (3:16-cv-00663, Doc. No. 1 at 1; Doc. No. 3 at 1).

The Guidelines provide the following definition of a career offender:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1.[2]

According to Petitioner's PSR, to which he did not object to prior to sentencing or on direct appeal, Petitioner qualified as a career offender based on convictions for arson, burglary of a habitation and delivery of a controlled substance. Petitioner was sentenced to in excess of one year on each of these convictions. (3:04-cr-00161, Doc. No. 71: PSR

---

[2] The Fourth Circuit observed that the "term 'crime of violence,' and its cousin, the term 'violent felony' are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others." United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

¶¶ 28, 32-34).

Assuming without deciding that the holding in <u>Johnson</u> served to invalidate the residual clause of the career offender provision, which is identical to the definition under the ACCA, Petitioner would still be entitled to no relief because his controlled substance offense undoubtedly qualifies as a predicate conviction, and his arson and burglary of a habitation convictions each qualify as enumerated felony offenses, thus the residual clause of the Guidelines has no impact on the validity of these convictions. <u>See</u> USSG § 4B1.2(a)(2) ("crime of violence" defined as "burglary of a dwelling" or "arson."). <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2563 ("Today's decision [striking the residual clause of the ACCA] does not call into question the application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Petitioner's challenge to his § 924(c) conviction is likewise without merit because the predicate offense that supported that conviction was not a crime of violence; but rather his drug trafficking crime that was charged in Count One of his indictment.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence is **DISMISSED WITH PREJUDICE**. (Doc. Nos. 1, 3).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-</u>

4

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: September 29, 2016

Graham C. Mullen
United States District Judge